Ron Harris, Superintendent Emerson School District 66 P.O. Box 129 Emerson, AR 71740
Dear Superintendent Harris:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a provision of the Freedom of Information Act (FOIA), concerning the release of a record that has been requested from your school district.
The facts that give rise to your request, as I understand them, are as follows: A certain boys' basketball coach who is employed by your school district was prohibited from coaching the team for a period of time, but was never suspended from employment, and was never terminated. On January 16, 1991, the Emerson School Board held a special meeting for the purpose of discussing this coach's reinstatement to coaching the team. In this meeting, the Board decided to reinstate the coach, with stipulations concerning his performance. A document listing those stipulations is attached to the minutes of the meeting. You have now received a request for that document. As custodian of the records, you have determined that the document constitutes an employee evaluation/job performance record, and that it should not be released to the public. You have enclosed a copy of the document for my review.
I am directed by law to issue my opinion as to whether your determination, as custodian of the records, regarding the release of the requested record is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
Assuming that the facts as stated above are correct — particularly the fact that the coach in question was never suspended or terminated — it is my opinion that your decision not to release the record is consistent with the FOIA.
I base this conclusion on two factors: (1) The record reflects the substance of the discussion that took place during a meeting held in executive session; and (2) The record constitutes an employee evaluation/job performance record.
This office has taken the position that records which reflect the substance of discussions that take place in an executive session should not be released. Op. Att'y Gen. No. 94-391. Accord, Op. Att'y Gen. No.91-323 (tape recording of executive session should not be released). To release such records would thwart the purpose of meeting in executive session.[1] Having reviewed the record that has been requested of your school district, I conclude that it sufficiently reflects the substance of the discussion that took place during the executive session to justify withholding it from disclosure. To release this document would defeat the purpose of discussing these matters in executive session.
It is my opinion that the requested document constitutes an employee evaluation/job performance record. Although the FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially, the Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See, e.g., Ops. Att'y Gen. Nos. 00-130; 96-132; 91-324. The record that has been requested clearly reflects matters relating directly to the employee's performance on the job.
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
These conditions for release clearly presuppose that the employee in question must have been suspended or terminated in order to release employee evaluation/job performance records. Because you have indicated that the coach in question was never suspended or terminated, the initial requirement for the release of his employee evaluation/job performance records has not been met. Because the requested record constitutes an employee evaluation/job performance record, it is exempt from the requirement of public disclosure.
For the foregoing reasons, I conclude that your decision to withhold the requested record from disclosure is consistent with the FOIA.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] I note that if the employee in question had been suspended or terminated, I might reach a different conclusion concerning records that both reflect the substance of an executive session and are employee evaluation/job performance records. I do not address that issue here, though, in light of the fact that the employee in question was not suspended or terminated.